IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSEPH L. COX, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 11-CV-787-GKF-TLW |
| | ) |
| OSAGE COUNTY DISTRICT COURT, | ) |
| CIVIL DIVISION, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

On December 19, 2011, Plaintiff Joseph L. Cox, Jr., a state prisoner appearing *pro se*, filed a civil complaint (Dkt. # 1). He also paid the $350 filing fee required to commence a civil action in this federal district court. See 28 U.S.C. § 1914. Upon review of the complaint, the Court finds it is subject to dismissal for lack of subject matter jurisdiction. However, Plaintiff shall be afforded an opportunity to file an amended complaint should he be able to identify a basis for the Court's jurisdiction.

Plaintiff describes his filing as a "motion of vilitity [sic]." See Dkt. # 1. He briefly explains that he submitted a "motion of vilitity [sic]" to the Osage County District Court, Civil Division, but that the motion was "confiscated" by Judge Kane and "has vanished." He asks this Court to "interveen [sic] by ruling on the motion of vilitity [sic] and order the Honorable Judge Kane to show cause." See id. Plaintiff's submission includes a "motion to determine validity of general warranty deed," captioned in the District Court for Osage County, Oklahoma; a letter dated November 30, 2011, from Plaintiff to Angie Bruce, Court Clerk of Osage County District Court; and a copy of a General Warranty Deed, filed of record by the Osage County Clerk on August 7, 1980. In addition,

Plaintiff enclosed a two handwritten pages complaining of the conditions of confinement at the Osage County Jail.[1]

Upon review of the complaint filed in this matter, the Court finds it is subject to dismissal for lack of subject matter jurisdiction. First, Plaintiff has failed to meet his "burden of alleging sufficient facts on which a recognized legal claim could be based," Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). In addition, Plaintiff has failed to comply with the pleading requirements of Fed. R. Civ. P. 8(a) and 10(a). The complaint does not include a short and plain statement of the grounds upon which the Court's jurisdiction depends. See Fed. R. Civ. P. 8(a)(1). The complaint does not include a short and plain statement of Plaintiff's claims showing that he is entitled to relief in this action. See Fed. R. Civ. P. 8(a)(2). The complaint also fails to include in the caption of the complaint the parties Plaintiff is suing. See Fed. R. Civ. P. 10(a).

Of greatest significance is Plaintiff's failure to identify a basis for the Court's jurisdiction. This Court lacks subject matter jurisdiction to compel a state judicial officer to perform a duty allegedly owed to Petitioner. See Knox v. Bland, 632 F.3d 1290, 1292 (10th Cir. 2011); 28 U.S.C. § 1361 (providing that federal court has jurisdiction to compel an officer or employee of the United States to perform a duty owed to plaintiff). Nothing in the complaint implicates the Court's federal-question jurisdiction, see 28 U.S.C. § 1331, and nothing suggests the action falls under the Court's diversity jurisdiction, see 28 U.S.C. § 1332. As a result, this action is subject to being

---

[1] The Court's records reflect that on December 12, 2011, Plaintiff filed a separate civil rights action, N.D. Okla. Case No. 11-CV-771-CVE, complaining of the conditions of his confinement at the Osage County Jail. Given the pendency of that action, it appears Plaintiff enclosed the handwritten pages with the complaint filed in this case in error. Any additional or supplemental information regarding the conditions at the Osage County Jail should be filed in Case No. 11-CV-771-CVE.

dismissed for lack of subject matter jurisdiction. See United States v. Wilson, 244 F.3d 1208, 1213 (10th Cir. 2001) ("Under Article III of the Constitution, federal courts have subject matter jurisdiction only over 'cases and controversies.'"); see also Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998) ("The requirement that [subject matter] jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." (quotation omitted)).

Should Plaintiff be able to identify a basis for subject matter jurisdiction, he may file an amended complaint. Should Plaintiff fail to file an amended complaint by the deadline established below, this action will be dismissed for lack of subject matter jurisdiction.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The complaint (Dkt. # 1) is subject to being dismissed for lack of subject matter jurisdiction.

2. Within thirty (30) days of the entry of this Order, or on or before **January 23, 2012**, Plaintiff may file an amended complaint should he be able to identify a basis for the Court's subject matter jurisdiction.

3. Should Plaintiff fail to file an amended complaint by the established deadline, this action will be dismissed for lack of subject matter jurisdiction.

DATED THIS 22nd day of December, 2011.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma